UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02581-SSS-SPx | Date | December 10, 2025 |
| Title | Sabino I Castanos Miranda v. General Motors LLC. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING REQUEST FOR ATTORNEY'S FEES [DKT. NO. 13]**

      Before the Court is Plaintiff Sabino I Castanos Miranda's Motion to Remand to the Los Angeles County Superior Court (the "Motion"). [Dkt. No. 13]. In its Motion, Plaintiff further requests the Court award attorney's fees. [Dkt. No. 13 at 16, "Motion"]. The Motion is fully briefed and ripe for consideration. [*See* Motion; Dkt. No. 14, "Opposition" or "Opp.", Dkt. No. 15, "Reply"]. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and Plaintiff's Request for Attorney's Fees.

**I.**      **FACTUAL AND LEGAL BACKGROUND**

      This matter arises out of an alleged breach of implied and express warranty under the California Song-Beverly Consumer Warranty Act ("SBA") and the Federal Magnuson-Moss Warranty Act ("Magnuson-Moss"). Plaintiff filed suit against Defendant in the Los Angeles County Superior Court on April 8, 2025. [Dkt. No. 1-1, "Complaint"; *see also* Dkt. No. 13 at 3–10]. On April 11, 2025, Plaintiff personally served a copy of the Complaint and Summons on Defendant. [Motion at 26–27]. On July 3, 2025, Defendant filed its Answer in the Los Angeles County Superior Court, in lieu of removing the matter to federal

jurisdiction. *See* 28 U.S.C. § 1446(b)(1) (removing party must remove action within the 30 days after service of summons or complaint). [Motion at 7].

On September 30, 2025, Defendant filed its Notice of Removal in this Court, relying on 28 U.S.C. §§ 1332 and 1446. [*See* Dkt. No. 1, "Notice of Removal"]. Plaintiff then filed this Motion to Remand. [*See generally* Motion].

## II.    LEGAL STANDARD

A motion to remand challenges the propriety of the defendant's removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal, and the defendant bears the burden of establishing that removal is proper. *Id*. "The removal statute is strictly construed, and any doubt about the right of removal must be resolved in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Additionally, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute requires that a notice of removal be filed within a thirty-day period that begins when the defendant receives a pleading or other paper that clearly establishes the basis for removal, whether received through "formal service or otherwise." 28 U.S.C. § 1446. Although the statute refers to service or otherwise, the Supreme Court has narrowly applied this language to require formal service of process before the thirty-day period begins. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 354 (1999). The Court has identified four possible points at which the thirty-day period may begin: when the summons and complaint are served together, when the summons is served and the complaint follows, when a complaint is filed and service is not required by local rules, or when the summons is served after the complaint is filed. *Id*. at 354.

Under Ninth Circuit precedent, the thirty-day removal period begins only when the initial pleading affirmatively reveals the facts necessary to establish federal jurisdiction. *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 690–91 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Stewart v. Gen. Motors LLC*, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *2 (C.D. Cal. Oct. 7, 2025); *see also Dietrich v. Boeing Co*., 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may

remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not violated either statutory deadline." *Stewart*, 2025 WL 2848991, at *2; *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Accordingly, removal is timely only if filed within thirty days after the defendant receives a pleading or other paper that clearly establishes the basis for federal jurisdiction. 28 U.S.C. § 1446(b)(1). Failure to comply with this thirty-day requirement renders removal procedurally defective and requires remand under 28 U.S.C. § 1447(c).

### III.     DISCUSSION

Plaintiff challenges the timeliness of Defendant's removal under 28 U.S.C. § 1446(b)(1). Plaintiff further argues that removal was substantively improper because Defendant failed to establish federal subject-matter jurisdiction and, by its own admission, removed based on "indeterminate" allegations and speculation. [*See generally* Motion]. Defendant opposes, asserting the Complaint did not trigger its duty to remove under 28 U.S.C. § 1446(b)(1) because Plaintiff failed to establish the amount in controversy and Plaintiff's state of citizenship. [Notice of Removal at 2]. Instead, Defendant relies on § 1446(c) as its basis for timely removal. [Opp. at 19].

The Court first addresses the timeliness of removal and whether Defendant's removal was proper, and then examines Plaintiff's Request for Attorney's Fees. For the reasons explained below, the Court finds Defendant's removal was timely and proper. Because the Court concludes that removal was timely, it does not reach Plaintiff's remaining arguments regarding the propriety of removal.

#### A.     Propriety of Defendant's Removal

Federal jurisdiction under Magnuson-Moss exists only where "the amount in controversy is at least $50,000, exclusive of interests and costs." 15 U.S.C. § 2310(d)(3)(B). Courts, in determining the jurisdictional amount in controversy, look to the measure of actual damages recoverable under the applicable state warranty statute. *See Krotin v. Porsche Cars North America, Inc.*, 38 Cal. App. 4th 294, 302–303 (1995). In California, the statue is the SBA. Courts apply § 2310(d)(3)(B) strictly because civil penalties available under the SBA are not recoverable under Magnuson-Moss. *See Critney v. National City Ford, Inc.*, 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003). Actual damages under Magnuson-Moss must therefore reflect all mandatory statutory offsets, including mileage

deductions, negative equity, and any other applicable reductions. *Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701 n.3 (9th Cir. 2018).

Here, Plaintiff's complaint does not allege the purchase price, mileage offset, negative equity, or any other numerical facts needed to calculate actual damages, leaving it indeterminate to whether Plaintiff meets the $50,000 threshold. *Harris*, 425 F.3d at 690–91.

In terms of effectuating a timely removal, parties must abide by the thirty-day removal period as outlined in § 1446. The thirty-day removal period begins only when the initial pleading affirmatively reveals the facts necessary to establish federal jurisdiction; removability is determined solely from the four corners of the complaint. *Harris*, 425 F.3d at 690–91, 695. If the initial pleading is indeterminate, a second thirty-day removal period is triggered only when the defendant receives "a copy of an amended pleading, motion, order or other paper" which clearly establishes removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

Plaintiff argues that Defendant's removal was untimely because Defendant filed its removal 142 days after the service of the Complaint, well beyond the thirty-day statutory window outlined by § 1446(b). [Motion at 2]. Plaintiff contends that the Complaint made removability clear on its face because it included a Magnuson-Moss claim and contained sufficient information to assess both citizenship and the amount in controversy. [Motion at 4–5; Opp. at 6]. Defendant does not dispute that it filed its Answer in state court on July 23, 2025, and later filed its Notice of Removal on September 30, 2025, 142 days after service of the Complaint. [Notice of Removal at 2; *see generally* Opp.]. Instead, Defendant asserts that the thirty-day removal period was never triggered because the Complaint did not clearly establish either the amount in controversy or Plaintiff's citizenship. [Notice of Removal at 2; Opp. at 3].[1] The question here is when, if ever, did Defendant ascertain that the amount in controversy in the action met or exceeded $50,000. Therefore, the Court must consider whether the Complaint provided sufficient information to trigger the removal period.

1. **Burden of Establishing Amount in Controversy**

---

[1] The Complaint clearly identifies the Plaintiff as "[is] and at all times relevant herein was, a resident of Rialto, CA," which is sufficient to place Defendant on notice of Plaintiff's citizenship for purposes of removal. [Complaint at 1]. *See Harris*, 425 F.3d, at 695–96.

Although a defendant bears the burden of establishing the amount in controversy when removal is challenged, that burden applies only after removal has occurred. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996). A defendant is not required to affirmatively investigate facts outside the pleading to determine whether to remove. *Harris*, 425 F.3d at 695. The Ninth Circuit has made clear that removability must be apparent from the four corners of the Complaint. *Id.* at 690–91. The thirty-day removal period under § 1446(b)(1) begins only when the initial pleading itself affirmatively reveals the basis for federal jurisdiction. *Id*.

The Ninth Circuit has also rejected the argument that removability is evident merely because a complaint pleads a Magnuson-Moss claim. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). Although Magnuson-Moss creates a federal cause of action, federal courts lack jurisdiction unless the amount in controversy meets the $50,000 statutory threshold. § 2310(d)(3)(B); *Shoner*, 30 F.4th at 1147.

Plaintiff argues that Defendant should have determined the amount in controversy based on the vehicle's make, model VIN, and the other categories of relief, triggering the first thirty-day period. [Motion at 6]; [Opp. at 4–5].

This argument confuses two distinct burdens. The burden to establish the amount in controversy applies only after removal has occurred, and when the defendant must justify federal jurisdiction in response to a motion to remand. *See Sanchez*, 102 F.3d 398, 404–05. Before removal, the Ninth Circuit has held a defendant has no obligation to investigate outside the four corners of the complaint or consult internal records or pre-complaint documents to determine the amount in controversy. *Harris*, 425 F.3d at 694–95; *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885–86 (9th Cir. 2010).

Absent any specific allegations of the dollar value of the claims, allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. *See Stewart*, 2025 WL 2848991, at *3; *see also, e.g.*, *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024). Thus, Defendant was not required to speculate about the amount in controversy when the Plaintiff provided neither facts nor references for dollar amounts apparent from the face of the pleadings.

### 2.     Timeliness of Removal

Plaintiff relies on *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) for its central argument regarding timeliness of removal. [Motion at 2–3, 7–8]. In citing to *Dart*, Plaintiff argues that Defendant possessed sufficient information to determine satisfaction of the jurisdictional threshold and removability of the action during the statutory period. [Motion at 2–3]. However, the Ninth Circuit has held that *Dart* governs the standard for what a defendant must allege in a notice of removal, not what a complaint must contain to trigger the thirty-day period. *Kuxhausen*, 707 F.3d at 1141 n.3 (9th Cir. 2013*)*. The Court has explicitly held that *Dart* does not modify *Harris*, which requires that removability be apparent from the face of the initial pleading. *Dart*, 574 U.S. 81, 89 (2014); *see also Kuxhausen* 707 F.3d at 1141. The question remains whether "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. The Court finds that it is not.

The Complaint served on April 11, 2025, did not trigger the initial thirty-day removal period under § 1446(b)(1) because it did not contain any figures from which the Defendant or the Court could determine the amount in controversy. [Opp. at 3]. It contains no purchase price, no mileage offset, no repair costs, and no other numeric facts from which the Court could calculate actual damages. [*See generally* Complaint]. Plaintiff does not provide any information that affirmatively reveals the amount in controversy, either in the body of the Complaint or the prayer for relief. [*Id.*]. *See Stewart v. Gen. Motors LLC*, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *3 (C.D. Cal. Oct. 7, 2025).

As a result, neither the Defendant nor the Court can compute actual damages under SBA or determine whether the amount in controversy under Magnuson-Moss is met. Because the amount in controversy was not affirmatively revealed in the pleadings, the initial thirty-day removal period was not triggered under § 1446(b)(1) upon service.

A second thirty-day period would begin only if Plaintiff later served an amended pleading or other paper clearly establishing removability. *Prado v. Dart Container Corp.*, 373 F. Supp. 3d 1281, 1285–86 (N.D. Cal. 2019). Plaintiff did not amend or serve any such information. [Opp. at 6].

Because the Complaint fails to establish the amount in controversy and because no amended pleading, motion, or later-served document was issued to trigger either of the thirty-day deadlines, the Court finds that Defendant's removal was timely under § 1446(b). *Stewart*, 2025 WL 2848991, at *2–3.

Therefore, the Court **DENIES** Plaintiff's Motion to Remand.

B. **Plaintiff's Request for Attorney Fees**

Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c). Fees may be awarded only when the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

The Court finds that Defendant had an objectively reasonable basis for removal. As discussed above, the Complaint did not affirmatively reveal the amount in controversy required for federal jurisdiction under Magnuson-Moss. Defendant's Notice of Removal and Opposition explain that the Complaint was indeterminate as to damages and attorney's fees, both of which may be included in the amount in controversy. [Notice of Removal at 2–4]; [Opp. at 2–4, 13]. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

Instead, Defendant's Notice of Removal relies exclusively on 28 U.S.C. § 1332(a) as the statutory basis for federal jurisdiction. [Notice of Removal at 3]. On an indeterminate pleading, a defendant may rely on evidence to establish the amount in controversy by a preponderance of the evidence, and doing so does not render removal unreasonable. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); [Opp. at 4].

After reviewing the internal purchase and warranty information found through its preliminary investigation, Defendant reasonably concluded that the amount of controversy exceeded the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [Notice of Removal at 6]. Moreover, because Defendant filed the Notice of Removal within a year of the action, the removal was timely.[2] *See* § 1446(c)(1) (providing that cases removed on the basis of diversity jurisdiction may not be removed "more than 1 year after commencement of the action").

For purposes of determining the amount in controversy, § 1332 allows consideration of additional categories of damages that are not available under Magnuson-Moss, including SBA civil penalties and recoverable attorney's fees.

---

[2] Upon the Court's review of the Motion and Reply, Plaintiff does not make argument related to the unreasonable nature of Defendant's Removal based in § 1446(c)(1).

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). After a preliminary investigation, Defendant determined actual damages of $27,262.09. Defendant then added potential civil penalties of up to two times that amount and included a reasonable estimate of attorney's fees. Together, those figures revealed a total amount in controversy that could reasonably exceed the $75,000 threshold under 28 U.S.C. § 1332(a). [Notice of Removal at 5–6]. This distinction provides clarity as to why the Complaint did not trigger the Magnuson-Moss removal period, yet supported removal once Defendant established diversity jurisdiction, which holds a one-year removal period allowed under 1446(c).

Both the Notice of Removal and the Defendant's Opposition to Remand articulate a legally sound and factually supported basis for removal. [*See generally* Notice of Removal; Opp]. Because the Court concludes that removal was both timely and proper, an award of attorney's fees is not warranted.

Accordingly, the Court **DENIES** the Motion for Attorney's Fees.

## IV.  CONCLUSION

For the reasons stated above, the Court finds Defendant's removal was timely and proper. Plaintiff's Motion to Remand is therefore **DENIED.** Where Defendant had an objectively reasonable basis for removal, the Court further **DENIES** Plaintiff's Request for Attorney's Fees.

**IT IS SO ORDERED.**